E-FILED
Tuesday, 09 October, 2012  05:07:09 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MICHAEL L. WIDMER, | ) | |
| Plaintiff | ) | |
| vs. | ) | Case No. 12-cv-2234 |
| INTERNAL AFFAIRS, WARDEN ANGLIN, DEPRATT, ADKINS, RUNYAN, CALLOWAY ZIEMNISKY, CUNNINGHAM, CHRIST TUTWILER AND PETERSON | ) | |
| Defendants. | ) | |

FILED
OCT - 9 2012
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

### AMENDED COMPLAINT

Jurisdiction – 42 U.S.C. §1983

Plaintiff Michael L. Widmer ("*Plaintiff*") for his Complaint states as follows:

Now comes the Plaintiff, Michael L. Widmer ("*Plaintiff*") and states as follows: My current address is Lawrenceville Correctional Center, 10930 Lawrence Road, Sumner, Illinois 62466.

The Defendant Keith Anglin is employed as a warden for the Illinois Department of Corrections ("*IDOC*") at Danville Correctional Center ("*DCC*").

The Defendant James Depratt is employed as a counselor for the IDOC at DCC.

The Defendant Alecia Adkins is employed as a correctional officer for the IDOC at DCC.

The Defendant Christopher Ziemnisky is employed as a correctional lieutenant for the IDOC at DCC.

The Defendant Victor Calloway is employed as an assistant warden for the IDOC at DCC.

The Defendant Cunningham is employed as a major for the IDOC at DCC.

The Defendant Robert Christ is employed as a correctional sergeant for the IDOC at DCC.

The Defendant J. Massey is employed as a correctional lieutenant for the IDOC at DCC.

The Defendant internal affairs is STUCK a % employed at DCC assigned to internal affairs.

The Defendant Tutwiler is employed as a major for the IDOC at DCC.

The Defendant Peterson is employed as a corrections counselor for the IDOC at DCC.

## LITIGATION HISTORY

Plaintiff has brought suits in Federal Court against IDOC officials approximately fifteen years ago, but has never named any of the defendants in this case in any other Complaint. Additionally Plaintiff has never had a Complaint which he filed to be deemed as frivolous or without merit by any Court at any time.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

There is an established grievance procedure available within IDOC of which Plaintiff has exhausted. (See attached grievance forms.)

## STATEMENT OF CLAIM

At all times and dates relevant to incidents cited in this Complaint, Defendants named herein were acting under the color of state law and Plaintiff was in the custody of the IDOC.

1. On May 9, 2012 Plaintiff was transferred to DCC. On May 15, 2012 Plaintiff was issued a docketing statement of which was an expedited docket under Rule 311(a) of Illinois Supreme Court. Plaintiff immediately notified Defendants Peterson and Depratt of Plaintiff's court deadlines by mailing a request to Dobson and showing Depratt and Peterson on Plaintiff's docket (See **Exhibit A**) in person on May 17, 2012. Plaintiff was then issued four passes to access the prison's law library for one hour per day (See **Exhibits B, C, D & E**").

2. On May 20, 2012 Plaintiff was in route to the prison outgoing U.S. mailbox in Plaintiff's unit when chow line was called. Plaintiff was ordered by c/o Peterson to take the mail with Plaintiff to chow and finish putting it into envelopes and mail it upon Plaintiff's return from chow so as not to hold up the chow line. Plaintiff complied and went to chow with the outgoing legal and privileged mail. Upon getting Plaintiff's tray he was asked by Defendant Ziemnisky

2

what was in the folder. Plaintiff explained that it was outgoing legal mail to the appellate court, grievances to the IDOC Administrative Review Board and a letter to the director of IDOC S.A. Godinez in reference to complaints with respect to DCC.

3. Defendant Ziemnisky told Plaintiff to go eat that he wanted to ready Plaintiff's mail and Plaintiff could get it on his way out.

4. On Plaintiff's way out of the chow hall, Plaintiff asked for the outgoing mail and was told by Defendant Ziemnisky that he was going to take it to show the shift commander, Defendant Tutwiler because it was a "bunch of bullshit".

5. Plaintiff has never been given that outgoing mail since that day with the exception of a few documents defendant Blackly of internal affairs gave him on May 25, 2012.

6. Plaintiff was issued a disciplinary report ("*IDR*") for having mail at chow. (See **Exhibits F, G & H**).

7. On May 21, 2012 Plaintiff was escorted by Lt. Eason to Defendant Cunningham's office. Upon entering Defendant Cunningham began screaming and cursing at Plaintiff, stating that Plaintiff would find out what happens to inmates who want to complain. Defendant Cunningham had Plaintiff's letter to the IDOC Director Godinez on his desk. Plaintiff asked for his mail to be returned and Defendant Cunningham told Lt. Eason to get Plaintiff the fuck out of his sight.

8. On May 27, 2012 Plaintiff was talking to another inmate about how to file a grievance. Defendant Runyan approached and listened to the conversation and then asked Plaintiff to close his cell door as my cellmate was in the cell talking to an inmate who was in the door way.

9. Plaintiff immediately complied and closed the door. Approximately 90 minutes later Defendant Massey and Defendant Runyan came to Plaintiff's cell and ordered Plaintiff to cuff up.

10. Plaintiff complied and was taken to segregation. When Plaintiff asked what he had done wrong, Lt. Massey replied, "You pissed off Major Cunningham with your letter".

11. Upon arriving in the segregation shower, Plaintiff was told to strip by Defendant Christ. Plaintiff said he was handcuffed behind his back and Defendant Christ said, "Ok I'm writing you a ticket" (See **Exhibit I**). Defendant Cunningham then stepped up and said, "I'm

going to teach you not to fuck with me or my staff Widmer, when I'm here this place is going to run like a prison".

12. Plaintiff was placed in segregation cell 17 by Defendant Runyan. Plaintiff asked Defendant Runyan why he wrote Plaintiff an IDR and Defendant Runyan said that Defendant Cunningham ordered him to so he did.

13. Defendant Runyan wrote Plaintiff an IDR for 206 threats or intimidation stating that he felt intimidated that Plaintiff was going to write a grievance on him or other staff if he didn't make Plaintiff obey all rules (See **Exhibit J**).

14. Defendant Christ wrote me an IDR for disobeying a direct order (See **Exhibit K**).

15. Plaintiff declared a hunger strike on May 28, 2012 in hopes of gaining the attention of Defendant Anglin.

16. On May 29, 2012 Sgt. Gonzalez asked Plaintiff if he wanted to end the hunger strike and Plaintiff responded no. Defendant Cunningham then removed Plaintiff from his cell and took him to see Defendants Anglin and Calloway.

17. Plaintiff told Defendants Anglin and Calloway what Defendant Cunningham was doing to him and Defendant Anglin said he would look into the situation.

18. Upon returning Plaintiff to his cell, Defendant Cunningham told Sgt. Gonzalez to find something to write Plaintiff up for.

19. Plaintiff then received an IDR from Sgt. Gonzalez and Defendant Runyan accusing Plaintiff of misuse of property in that they observed drawing on a steel desk top in Plaintiff's segregation cell (See **Exhibit L**).

20. On May 31, 2012 Defendant Anglin met with Plaintiff and said he reviewed the IDRs and agreed they were unjustified and therefore was releasing Plaintiff from segregation immediately and Plaintiff was released.

21. Upon releasing Plaintiff from segregation c/o Gill told Plaintiff he was ordered to write Plaintiff an IDR but didn't say by whom.

22. Plaintiff was written an IDR by c/o Gill for the exact same offense as Sgt. Hernandez had written. This IDR accused Plaintiff of drawing a calendar on the steel desktop. C/o Gill had shook Plaintiff's cell down and found it to be clean and issued Plaintiff a shakedown slip with his signature at the same time the IDR was written although the shakedown says no IDR issued, no contraband found (See **Exhibits M & N**).

23. On June 1, 2012 Plaintiff was given a very unfair hearing before the Adjustment Committee. Defendants Depratt and Adkins refused to accept or consider Plaintiff's written defense statements, allow Plaintiff to call his witnesses or allow consideration of Plaintiff's testimony.

24. Plaintiff was found guilty on all of the aforementioned IDRs including those Defendant Anglin told Plaintiff were unjustified and Plaintiff was placed back in segregation for ninety days and given ninety days of "e" grade and commissary denial. Defendant Depratt stated to Plaintiff, "the warden hadn't read your letter to the director yet before he let you out of segregation".

25. Plaintiff immediately declared a hunger strike upon being placed in segregation.

26. Plaintiff had a visitor (Jeanne Stebbins) sign in on June 1, 2012 and was refused.

27. Plaintiff informed Defendant's Peterson, Runyan, Calloway, Anglin, Christ, Massey and Tutwiler of his court deadline on multiple occasions between June 1, 2012 and June 19, 2012 when Plaintiff was transferred to Lawrenceville Correctional Center ("**LCC**"), in person and in writing and was not given any type of legal services whatsoever, including but not limited to photo copies, legal envelopes, case laws, etc.

28. As a result Plaintiff lost his appeal of his parental rights to his son on June 7, 2012 (See **Exhibit O**).

29. On June 3, 2012 Plaintiff was given his personal property by c/o Ellison. Plaintiff informed c/o Ellison that there were legal documents belonging to another inmate in his property. Plaintiff gave the documents to c/o Ellison and he told Plaintiff a few hours later Defendant Cunningham ordered him to write Plaintiff an IDR and he did (See **Exhibit P**).

30. Plaintiff was taken to the medical unit past 72 hours on a hunger strike.

31. On June 8, 2012 after going eleven days without food and having nurses put twelve needles in trying to start on IV, Plaintiff was issued his final IDR at DCC again for disobeying an order to cuff up by Lt. Christian who came to Plaintiff's cell the night before Plaintiff transferred and told Plaintiff he felt what was done to Plaintiff was wrong and he too was ordered to write Plaintiff an IDR by Defendant Tutwiler (See **Exhibit Q**).

32. Plaintiff was taken before the Adjustment Committee and given ninety more days in segregation in spite of the fact Plaintiff had not even been served the IDR of June 8, 2012.

Plaintiff was again denied to call witnesses, submit a written defense statement or even give his side of the story.

33. Plaintiff was denied visitation with his son Parker Widmer due to being in segregation. (see EXHIBIT R)

Plaintiff can only tell this Honorable Court what was done to him and has documented it to the best of his ability. Plaintiff is not sure specifically which of his clearly established Federal Constitutional Rights have been violated so that is up to the Court to decide. Plaintiff leaves it up to the Court if he is to have a trial by judge or jury. Plaintiff authored a letter of complaint of factual basis and his life was torn apart by IDOC employees. Plaintiff did not include in this Complaint the fact that a good deal of Plaintiff's outgoing mail was not sent out of DCC after June 1, 2012, but it is a fact. Retaliation is terrible. Other than one, the IDRs received at DCC were the only IDRs issued to Plaintiff since starting this sentence. DCC was Plaintiff's third facility.

## RELEIF REQUESTED

WHEREFORE, Plaintiff is seeking declaratory relief, injunctive relief, compensatory and punitive relief from the Defendants individually and collectively in their official capacity as well as individual capacities in the sum of $800,000 for injuries and damages sustained by Plaintiff while being treated with deliberate indifference by the Defendants who were acting under the color of state law.

DATED this 4th day of October, 2012.

Michael R. Widmer
MICHAEL L. WIDMER, PLAINTIFF
#B30985
Lawrenceville Correctional Center
10930 Lawrence Road
Sumner, IL 62466

Subscribed and Sworn to Before me this 4th Day of October 2012

Kathy D Musgrave
Notary Public

OFFICIAL SEAL
KATHY D MUSGRAVE
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:12/22/15